OF

# THE COURT OF APPEALS

## OF KENTUCKY.

### WINTER TERM, 1861.

CASE 1—BAIL BOND—DECEMBER 3.

## Commonwealth vs. Moore.

APPEAL FROM KENTON CIRCUIT COURT.

An examining court has no right, during the progress of the examination, to admit to bail, or release from custody, a party charged with felony; and a bail bond taken for his appearance during the examination is unauthorized and void. (*Criminal Code, sec.* 49.) The party should be committed to jail or to the custody of a peace officer during the periods of adjournment pending the examination.

A. J. JAMES, Attorney General; and W. E. ARTHUR, for Commonwealth, cited *Criminal Code, secs.* 49, 258, 260.

MENZIES & PRYOR, for appellee, cited *Criminal Code, sections* 49, 65, 70.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

Assuming that the mayor of Covington had the power to hear and commit upon a charge of felony, it is evident that he had not, as a court of inquiry, any power to recognize or admit to bail the accused during the progress of the examination, as in cases of misdemeanor.

The Criminal Code (*section* 49,) is conclusive upon this point. It provides as follows: "During the periods of adjournment the

defendant *shall be committed to jail* or *to the custody of a peace officer;* but where the offense is a misdemeanor, the defendant may give bail, or the magistrate may fix a sum equivalent to bail, upon which being deposited with the peace officer in attendance, unless he be a policeman, as security for the defendant's appearance at the time or times appointed, he may be released from custody during the periods of adjournment of the examination."

Here the party in custody was charged, not with a misdemeanor but with a felony, and it was the duty of the mayor, acting as an examining court, as required by the section, *supra*, either to commit him to jail or to the custody of a peace officer. He had no right to admit him to bail, or to release him from custody, during the progress of the examination; and the bail bond taken for his appearance, during the examination, was unauthorized and void, and properly so held by the circuit court.

Judgment *affirmed.*